UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ernie Tarle,                                              Case No. 3:13-cv-00366

           Plaintiff

     v.                                                  MEMORANDUM OPINION
                                                           AND ORDER

Ohio Council of Community Schools, *et al.*

           Defendants

### INTRODUCTION

Before me is the motion of Defendant the Board of Trustees of the University of Toledo to dismiss Plaintiff Ernie Tarle's claims as barred by the doctrine of sovereign immunity. (Doc. No. 5) Tarle filed a brief in response. (Doc. No. 7). The Board of Trustees filed a brief in reply. (Doc. No. 8). For the reasons stated below, the Board of Trustees' motion is granted.

### STANDARD

A defendant properly may raise sovereign immunity as an affirmative defense to jurisdiction in a motion citing to the Eleventh Amendment. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 n.13 (6th Cir. 2004). The Supreme Court's jurisprudence interpreting the Eleventh Amendment generally bars suits against a state in federal court. *See, e.g., League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008). There are a number of exceptions to this rule, including when a state official is sued in his official capacity by a plaintiff seeking prospective relief. *Id.*; *see also Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974) (*citing Ex parte Young*, 209 U.S. 123 (1908)).

## BACKGROUND

Tarle is the founder and organizer of the Akron Academy of Excellence and worked with the Ohio Counsel for Community Schools, an organization authorized under Ohio law to function as a sponsor of a charter school. (Doc. No. 1 at 3). The OCCS operates pursuant to authority the Board of Trustees has delegated to it. (Id.; Doc. No. 5 at 2). On May 22, 2012, Frank Stoy, Chief Operating Officer of the OCCS, sent a letter to Tarle and the AAE to inform them the OCCS intended to suspend its sponsorship of the AAE due in part to statements Tarle made to parents of prospective students regarding his personal religious beliefs. (Doc. No. 1 at 3-4). On June 4, 2012, the OCCS notified Tarle and the AAE that it was terminating its contract with the AAE. (Id. at 4). Subsequently, Tarle filed suit against the OCCS, Stoy, and the Board of Trustees, asserting claims for religious discrimination in violation of the First and Fourteenth Amendments, violation of the Equal Protection Clause of the Fourteenth Amendment, as well as claims under Ohio law for intentional interference with a business relationship and intentional infliction of emotional distress. (Doc. No. 1 at 5-7).

## ANALYSIS

The Board of Trustees[1] moves for dismissal of Tarle's claims against it, arguing the Board of Trustees as well as the University of Toledo are not persons subject to suit under 42 U.S.C. § 1983 and thus enjoy sovereign immunity under the ambit of the Eleventh Amendment. The Board of Trustees states it has not waived its Eleventh Amendment immunity to suit as to any of Tarle's claims except as to claims filed in the Court of Claims of Ohio. (Doc. No. 5 at 4). Tarle argues his claims fit within the *Ex parte Young* exception for actions seeking prospective relief against state officials sued in their official capacities for continuing violations of federal law. (Doc. No. 7 at 2).

Tarle named as a defendant only the Board of Trustees, an entity authorized to govern the University of Toledo pursuant to O.R.C. § 3364.01(B)(1). A suit against an office of a state or state

---

[1] My resolution of the Board of Trustees' motion does not affect the status of Stoy and the OCCS as defendants in this case.

2

agency is barred by the Eleventh Amendment because it does not assert a claim against a "person" as defined by § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *cf. Will*, 491 U.S. at 71, n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (*quoting Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985))); *U.S. v. State of Ala.*, 791 F.2d 1450, 1457 (11th Cir. 1986) (permitting claims for injunctive relief against the members of the state board of education to proceed pursuant to *Ex parte Young*) (*citing Graham*, 473 U.S. at 169 n.18)). The Board of Trustees is not a person for purposes of § 1983 and so Tarle's claims against that entity may not proceed.

## CONCLUSION

For the reasons stated above, the motion of the Board of Trustees to dismiss Tarle's claims as barred by the doctrine of sovereign immunity is granted. (See Doc. No. 5).


So Ordered.


                                                s/ Jeffrey J. Helmick
                                                United States District Judge